UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 18-03949 |
| Sergio J Fuentes and Maria M Fuentes, | Chapter 13 |
| Debtors. | Honorable Janet S. Baer |

### AGREED DEFAULT ORDER

THIS CAUSE coming on to be heard upon the Motion for Relief from Automatic Stay filed on behalf of JPMC Specialty Mortgage LLC f/k/a WM Specialty Mortgage LLC, (hereinafter referred to as "Movant"), a secured creditor or servicing agent for a secured creditor holding a lien on the Debtors' property commonly known as 1540 W Mooseheart, North Aurora, Illinois 60542 (hereinafter referred to as the "Property"), all parties having notice, the Court having jurisdiction and being fully advised:

IT IS HEREBY ORDERED:

1. The current post-petition arrearage, through August 31, 2018, is $8,005.98. The arrears include:

    6 (March 2018 - August 2018) payments @ $1,334.33 = $8,005.98.

2. Debtors shall tender the sum of $4,000.00 on or before August 17, 2018 to partially cure the arrears of $8,005.98 through August 31, 2018.

3. In addition to making the regular post-petition payments timely, the Debtors shall cure the remaining arrears of $4,005.98, by making the following monthly payments directly to JPMC Specialty Mortgage LLC f/k/a WM Specialty Mortgage LLC:

    $667.66 on or before September 15, 2018;
    $667.66 on or before October 15, 2018;
    $667.66 on or before November 15, 2018;
    $667.66 on or before December 15, 2018;
    $667.66 on or before January 15, 2019; and
    $667.68 on or before February 15, 2019.

4. If the Debtors fail to timely pay two or more (i) regular monthly payments increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters; (ii) plan payments to the Chapter 13 Trustee; (iii) payments for property insurance and/or general real estate taxes; or (iv) Debtors fail to cure the arrears pursuant to paragraph 2 or 3 above, then the Debtors shall be deemed to be in default. Upon Movant's notice of

the default to the Debtors and the Debtors' attorney, the Debtors shall have fourteen (14) days from the date the Notice of Default is filed, to cure the default. If the default is not cured within fourteen (14) days from the date the Notice of Default is filed, the automatic stay shall be terminated as to the Property upon Movant filing a Notice of Lifting with the Court. The filing of a Notice of Lifting shall have the legal effect of modifying the automatic stay without further order of the Court.

5. The Debtors may avail themselves of the cure provision set forth in paragraph 2, 3 or 4 above a total of two (2) times. In the event of a third (3rd) default, Movant may file a Notice of Lifting with the Court, and the automatic stay will automatically modify without further Order as Debtors will no longer have the right to cure thereunder.

6. The Proof of Claim heretofore submitted by Movant shall stand unaffected and payments made thereunder shall be paid to Movant unless a Notice of Default and Notice of Lifting are presented to the Trustee and filed with the Bankruptcy Court.

7. If the Debtors' Bankruptcy case is dismissed or converted to another Chapter, this agreed repayment order shall be void.

AGREED:

JPMC Specialty Mortgage LLC f/k/a WM Specialty Mortgage LLC

*/s/ Amanda J. Wiese*

Amanda J. Wiese
one of its attorneys

DATED: AUG 2 3 2018

FAIQ MIHLAR (#6274089)
HEATHER M. GIANNINO (#6299848)
AMANDA J. WIESE (#6320552)
ZHIQI WU (#6324870)
CHERYL CONSIDINE (#6242779)
HEAVNER, BEYERS & MIHLAR, LLC
Attorneys at Law
P.O. Box 740
Decatur, IL 62525
Email: bkdept@hsbattys.com
Telephone: (217) 422-1719
Facsimile: (217) 422-1754

Sergio J Fuentes and Maria M Fuentes

~~David M. Siegel~~, their attorney John Ellmann

ENTER:

Janet S. Baer AD
Bankruptcy ~~Judge~~